[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11312

Non-Argument Calendar

_____

MC3 INVESTMENTS LLC,
d.b.a. The Local Cafe,

Plaintiff-Counter Defendant-Appellee,

*versus*

THE LOCAL BRAND INC,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:22-cv-00260-MJF

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

The Local Brand Inc appeals the denial of its request for attorney's fees under the Lanham Act. 15 U.S.C. § 1117(a). After The Local Brand issued a cease-and-desist letter alleging that MC3 Investments LLC, doing business as The Local Cafe, was engaging in trademark infringement and unfair competition, MC3 sought a declaratory judgment that it had not violated the Act, *id.* §§ 1141(1), 1125(a), or Florida law because there was no likelihood of consumer confusion. The Local Brand filed counterclaims for trademark infringement. After a two-day bench trial before a magistrate judge, who conducted the proceeding by consent, MC3 obtained a declaratory judgment that there was no likelihood of consumer confusion on four of The Local Brand's eight marks, and The Local Brand obtained a permanent injunction against MC3 on the other four marks. The Local Brand challenges the magistrate judge's finding that the action was not an "exceptional case" warranting attorney's fees under the Act. We affirm.

We review a denial of attorney's fees for abuse of discretion. *See Tobinick v. Novella*, 884 F.3d 1110, 1116 (11th Cir. 2018). That standard requires us to affirm unless the district court applied an incorrect legal standard, followed improper procedures in making

the determination, or based the decision upon findings of fact that are clearly erroneous. *See id.*

The Act provides that in "exceptional cases" a district court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An exceptional case is "one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Tobinick*, 884 F.3d at 1117 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

The magistrate judge did not abuse his discretion. The Local Brand argues that MC3's litigating position was objectively unreasonable and that the magistrate judge found "some evidence of willfulness on the part of MC3" regarding some of its actions. But in considering the totality of the circumstances, the magistrate judge reasonably determined that principles of equity did not warrant awarding attorney's fees because MC3 "had a sufficiently strong litigating position" and "did not litigate unreasonably throughout these proceedings." As the magistrate judge explained, MC3's two marks infringed on only four of The Local Brand's eight marks and, although MC3's litigating position regarding its first mark was "borderline unusually weak or unreasonable," MC3 litigated the "closer question" presented by its second mark, which was "less obviously infringing." We discern no abuse of discretion in the finding that the case was not "exceptional." *See id.*

4                        Opinion of the Court                        24-11312

We **AFFIRM** the denial of The Local Brand's request for attorney's fees under the Act.